FILED
03 DEC 22 AM 8: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MILDRED SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 03-JEO-2658-S |
| PERSONNEL BOARD OF JEFFERSON COUNTY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Mildred Sanders (hereinafter "the plaintiff" or "Sanders") filed this action challenging her termination by the Personnel Board of Jefferson County (hereinafter "the defendant" or "the Board"). (Doc. 1). She asserts that she arbitrarily was terminated from the position of Training and Development Representative on August 20, 2003, by Ronald Sims, the Receiver for the Board. (*Id.*, p. 2). The case was assigned to a magistrate judge pursuant to a July 8, 2002, order of this court which sets forth the procedure to be followed in such matters.

Shortly after this action was filed, the defendant filed a motion to dismiss Sanders' request for a due process hearing. It asserts that she was not an employee holding permanent status at the time of her termination. (Doc. 2). The defendant further asserts that the plaintiff is not entitled to invoke the appeal process because she did not timely file a notice of appeal of the termination decision. (*Id.* at ¶ 7).

On October 22, 2003, the magistrate judge entered a report and recommendation finding that the action is due to be dismissed because the plaintiff was a probationary employee at the time of her termination and therefore not entitled to invoke the review process provided for



"permanent" employees who are terminated. (Doc. 5, pp. 3-4).

The plaintiff has filed a "Response to Recommendation," agreeing that being a probationary employee does not provide her with the right to grieve or appeal her termination under the "Rules and Regulations" of the Board (hereinafter "Rules and Regulations"). (Doc. 7, p. 1). Instead, she now asserts that she is filing her complaint as a "Citizen Complaint" pursuant to Rule 12.11 of the Rules and Regulations. (*Id.*). Dr. Ronald R. Sims, in his capacity as Receiver, has filed a reply to Sanders' response. Therein, he asserts that the plaintiff's present position is inconsistent with her prior pleadings invoking various provisions of this court's July 8, 2002, order concerning appeals of Board disciplinary actions. (Doc. 8 at ¶ 7). He also asserts that the provision for citizen complaints found in "Rule 12.11 is not an avenue for a former employee to appeal matters related to his or her employment." (*Id.* at ¶ 8). Instead, Sims contends that this provision "provides a way for the general public to file complaints based on its interaction with employees of the Personnel Board." (*Id.*). Finally, Sims states that the plaintiff cannot invoke this provision because that would be inconsistent with the Enabling Act that is also applicable to the Board.

To the extent that the plaintiff seeks to invoke the "Citizen Complaints" provision in Rule 12.11, the court finds this insufficient for a number of reasons. First, the plaintiff failed to raise this assertion before the magistrate judge. To the contrary, her pleadings demonstrate that she was proceeding under the rules applicable to employees and not those applicable to citizen complainants. In her response to the motion to dismiss, she cites and quotes from various provisions dealing with the rights of employees, including Section 11 of this court's July 8, 2002, order and the "Notice and Service" provisions in section 12 of the Rules and Regulations of the

2

Board. (*See* Doc. 6, p. 1 and Ex. 3).

Second, the court finds that Rule 12.11, dealing with citizen complaints, is not the proper mechanism for Jefferson County employees to appeal matters related to their employment. The defendant is correct in its assessment that this Rule is a means for members of the general public to file complaints based on their dealings with employees of the Board.

Third, the plaintiff cannot use this Rule under the present circumstances because that would be inconsistent with the Enabling Act that created the Board and the amendments thereto. Specifically, the relevant provision of the Act dealing with employee dismissals, demotions, and suspensions states in pertinent part that "[i]n addition to removal or demotion by an appointing authority, an employee may be removed, demoted, suspended, or otherwise disciplined" if charges are "filed by any officer, citizen or taxpayer of the state. . . ." 1945 Ala. Acts § 22, as amended by 1977 Ala. Acts §§ 679 & 684. This provision clearly is intended for complaints advanced by citizens and not terminated employees. Thus, the plaintiff's complaint does not fit within the confines of what was intended by the Enabling Act and its amendments.

Lastly, the court also notes that the section of the Act dealing with dismissals, demotions, and suspensions also makes it clear that its provisions, including those concerning citizen complaints that lead to disciplinary action, are limited to employees "holding permanent status." *Id.* As determined by the magistrate judge, this does not include the plaintiff who was a probationary employee.

## CONCLUSION

The court has considered the entire file in this action, including the Magistrate Judge's Report and Recommendation and the plaintiff's response, which the court is treating as an

3

objection to the Report and Recommendation, and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation and the foregoing discussion, the defendant's motion to dismiss (doc. 2) is due to be granted. An appropriate order will be entered.

DONE, this the 22nd day of December, 2003.

_____
UNITED STATES DISTRICT JUDGE